IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:08CR88-JRG |
| vs. | § § | |
| | § § | |
| SONJA KAY KIKER (2) | § § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

The Government moved to revoke Defendant Sonja Kay Kiker's supervised release based on violations of her supervised release conditions. Defendant waived her right to a revocation hearing and pleaded "true" to Allegation 3 in the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 10 months of imprisonment with no further supervised release.

*Background*

After pleading guilty to the offense of conspiracy to distribute and to possess with intent to distribute methamphetamine, a Class B felony, Defendant was sentenced on June 23, 2009, by United States District Judge Leonard Davis to 108 months of imprisonment to be followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug aftercare. The offense carried a statutory maximum imprisonment term of 40 years and the guideline imprisonment range, based on a total offense level of 27 and a criminal history category of III, was 87 to 108 months. Defendant completed her

1

term of imprisonment and began serving her term of supervised release on September 4, 2015. The case was reassigned to Chief Judge Rodney Gilstrap on March 27, 2018.

*Allegations*

In the First Amended Petition for Warrant or Summons for Offender under Supervision filed on April 13, 2018, United States Probation Officer Laura Palafox alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition 2): The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. It is alleged that Defendant failed to report to the probation officer as directed on September 8, 2017 and again on October 5, 2017 after being released from Good Shepherd Medical Center in Longview, Texas. It is further alleged that Defendant failed to submit a truthful and complete written report for the month of November 2017.

**Allegation 2** (standard condition 6): The defendant shall notify the probation officer ten day prior to any change of residence or employment. It is alleged that on or about October 31, 2017, Defendant changed her residence and failed to notify the probation officer ten days prior to the change.

**Allegation 3** (standard condition 7): The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. It is alleged that on July 13, 2017, Defendant admitted to using Xanax (benzodiazepine) and Adderol (amphetamine) that was not prescribed to her and submitted a urine specimen that tested positive for methamphetamine and marijuana, which was confirmed by lab results. On July 26, 2017 and August 17, 2017, Defendant submitted urine specimens that tested positive for

methamphetamine, which was confirmed by lab results. On September 7, 2017, Defendant submitted a urine specimen that tested positive for marijuana, morphine, and methamphetamine, which was confirmed by lab results. On September 25, 2017, Defendant submitted a urine specimen that tested positive for methamphetamine and marijuana, which was confirmed by lab results. Finally, on or about October 5, 2017, Defendant admitted to taking 80 Xanax that she bought from a street dealer.

**Allegation 4** (special condition): The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. It is alleged that Defendant failed to take a drug test as directed on October 10, 2017, October 20, 2017 and November 16, 2017, and that she missed her appointment with her substance abuse counselor on June 30, 2017 and July 5, 2017.

**Allegation 5** (mandatory condition): The defendant shall not commit another federal, state, or local crime. It is alleged that Defendant was arrested on January 18, 2018 in Upshur County, Texas, for Possession of a Controlled Substance Penalty Group 3 and Possession of Drug Paraphernalia. Defendant pled guilty to these charges and was sentenced to credit for time served.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). Pursuant to 18 U.S.C. § 3583(g), the Court also shall revoke the term of supervised release if Defendant

possessed a controlled substance in violation of her conditions. Evidence of drug use is sufficient to support a finding of possession of a controlled substance within the meaning of 18 U.S.C. § 3583(g). *See U.S. v. Smith*, 978 F.2d 181 (5th Cir. 1992). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine, amphetamine and morphine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment. U.S.S.G. § 7B1.4(a).

If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by failing to report to the probation officer as directed, failing to submit a truthful and complete written report, failing to notify the probation officer of her change in residence, possessing marijuana and Xanax, using Xanax, marijuana, methamphetamine, amphetamine and morphine, failing to submit to drug testing and attend substance abuse treatment as directed and committing the offenses of Possession of a Controlled Substance Penalty Group 3 and Possession of Drug Paraphernalia as alleged in the petition, she is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With her original criminal history category of III, Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

*Hearing*

On April 17, 2018, Defendant appeared for a final revocation hearing. Assistant United States Attorney Nathaniel Kummerfeld announced that an agreement was reached with Defendant and Defendant's counsel, Assistant Federal Defender Wayne Dickey, for Defendant to enter a plea of true to Allegation 3 in the petition and to jointly request a sentence of 10 months of imprisonment with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 3 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at a Federal Medical Center as a result of her medical needs. Defendant and the Government additionally jointly requested that Defendant receive credit for her time in continuous custody since her arrest on January 18, 2018.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 in the petition is true. Defendant is guilty of a Grade B supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 10 months of imprisonment with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

# **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 10 months of imprisonment with no further supervised release, with credit for time in custody since her arrest on January 18, 2018. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 10 months of imprisonment with no further supervised release, with credit for time in custody since January 18, 2018, and with a recommendation to the Bureau of Prisons to designate Defendant to a Federal Medical Center.

So ORDERED and SIGNED this 17th day of April, 2018.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE